IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES H. JONES                                                                             PLAINTIFF

v.                                             CIVIL ACTION NO. 3:24-cv-00038-SA-RP

UNITED SERVICES AUTOMOBILE ASSOCIATION            DEFENDANT

ORDER AND MEMORANDUM OPINION

James H. Jones initiated this civil action against United Services Automobile Association ("USAA") on February 12, 2024. Before the Court is USAA's Motion to Dismiss [4] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Motion [4] has been fully briefed and is now ripe for review. The Court is prepared to rule.

*Relevant Background*

The Complaint [1] brings claims for breach of contract and bad faith against USAA for its alleged failure to honor its insurance obligations to Jones following a motor vehicle accident. Jones asserts only state law claims and premises this Court's jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. Jones is a citizen of Mississippi. In his Complaint [1], he alleges that USAA has its headquarters and principal place of business in Texas and that the entity is a citizen of Texas. The amount in controversy meets the minimum requirement for diversity jurisdiction.

USAA moves to dismiss for lack of subject matter jurisdiction, contending that the Court lacks diversity jurisdiction because it is also a Mississippi citizen. Jones opposes the Motion [4].

*Applicable Standard*

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). "Under Rule 12(b)(1), a claim is

'properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citing *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When the jurisdiction of a federal court is challenged, that court has a duty to make the inquiries necessary to establish its own jurisdiction." *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citing *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 666 (5th Cir. 1971)). "Since there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." *Opelika*, 448 F.2d at 667 (internal quotations and citation omitted). The Court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of establishing that the district court possesses subject matter jurisdiction. *Id.*

*Analysis and Discussion*

The Court has diversity jurisdiction over "all civil actions" that are (1) "between citizens of different States" and (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity," which means that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather,* 404 F.2d 267, 272 (5th Cir.1968)).

As the party invoking federal jurisdiction, Jones has the burden of establishing that complete diversity exists. *See Ramming*, 281 F.3d at 161. The Complaint [1] alleges that Jones is

2

a citizen of Mississippi and that USAA is a citizen of Texas. However, USAA contends that both Jones and USAA are Mississippi citizens. In its Motion [4], USAA argues that it is "considered a citizen of each of the fifty states for diversity jurisdiction purposes under 28 U.S.C. § 1332," including Mississippi, and the Court therefore lacks subject matter jurisdiction over this action. [5] at p. 1. Jones disagrees that the action should be dismissed at this juncture. In response, he argues that USAA provides only "conclusory facts" and fails to provide supporting evidence regarding its citizenship. [7] at p. 2. In lieu of dismissal, Jones requests that the Court allow the parties to engage in limited discovery as to this jurisdictional issue. The Court finds Jones' request reasonable.

In support of its Motion [4], USAA cites various federal court decisions finding that "USAA is a reciprocal insurance organization that has members in all fifty states, and therefore is a citizen of each individual state for diversity purposes." [5] at p. 3. The Court is cognizant that this issue was recently decided in favor of USAA. *See Miller v. USAA*, 2024 WL 3553582, at *2 (E.D. La. July 26, 2024); *see also Miles v. United Servs. Auto. Ass'n*, 2023 WL 5974859, at *1 (E.D. La. Sept. 14, 2023). Nonetheless, USAA attached to its Motion [4] no *evidence* indicating that it is *currently* a citizen of Mississippi.

After Jones raised USAA's failure to do so, USAA attached to its Reply [9] affidavits executed by an authorized representative of USAA and the Texas Department of Insurance. However, "when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024). The affidavits were presented for the first time in USAA's Reply [9]. Moreover, the affidavits are not current—they are dated in 2006 and appear to have been

3

prepared for other litigation pending at that time. The Court declines to consider them for these reasons.

Given this Court's duty to inquire as to its jurisdiction over the case, its discretion in determining the method for that inquiry, and Jones' apparent good-faith assertion that USAA is a citizen of Texas, the Court finds that limited discovery is appropriate to determine USAA's citizenship.

## *Conclusion*

For the reasons set forth above, the Motion to Dismiss [4] is DENIED *without prejudice*. The Magistrate Judge will hold a conference and set the parameters for the limited discovery. USAA may seek dismissal on this basis of lack of subject matter jurisdiction at the conclusion of the limited discovery period if appropriate.

SO ORDERED, this the 23rd day of September, 2024.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE